————————o————————

Nos. 5855-5894.

## J. J. CLARKE COMPANY, LIMITED, vs. ARTHUR McGUIRK, ET AL.

### Syllabus.

1. As between the parties to a contract it is of no consequence by what name it be called, if it set forth clearly their respective rights and obligations towards each other.

2. As regards third persons the authority of an agent is measured not alone by his instructions but also by the apparent scope of his duties.

3. An architect employed to direct the construction of a building for account of the owner acts within the apparent scope of his authority in ordering materials, etc., necessary and proper for constructing the building.

Appeal from the Civil District Court, for the Parish of Orleans, Division "C," No. 100,352. Hon. E. K. Skinner, Judge.

H. P. Dart, for plaintiff and appellee.

J. B. Rosser, P. M. Milner, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff alleges that it sold to Arthur McGuirk and the firm of Keenan & Weiss certain building materials of the value of $282.32, and it prays for judgment in solido against the defendants.

There are other allegations in the petition, but they are irrelevant; to recover judgment, plaintiff needed but to show a sale to one or the other or both of the defendants; and a delivery.

Exceptions of no cause of action and misjoinder were therefore properly overruled; and thereupon defendants tendered the general issue.

There was judgment as prayed for against McGuirk and rejecting the demand as against Keenan & Weiss.

On the trial it was shown that Keenan & Weiss were a firm of architects, and that McGuirk was the owner of a building in course of construction.

It was shown that the building was being erected under an agreement between McGuirk and Keenan & Weiss, the substance of which was as follows:

For a fee of 10% on the cost, Keenan & Weiss bound themselves to protect the interest of McGuirk, to guarantee him against liens and defaulting contractors, and to guarantee that the cost of building would not exceed $7,000. (Exclusive of commissions and certain materials to be furnished by McGuirk.)

It was further shown that the aforesaid architect had submitted to the owner an "itemized list of bids" from different contractors, amounting in all to $6,650, with whom the owner, personally and directly, entered into contracts; which contracts were prepared by said architects.

As between McGuirk and Keenan & Wess, it is not of the least consequence by what name their contract be

called, since it sets forth clearly their relative rights and obligations towards each other.

But as to third persons we have not the slightest hesitation in declaring the contract one of **mandate** by which Keenan & Weiss became the **agents** of McGuirk to direct and supervise the erection of his building.

Keenan & Weiss did not bind themselves to erect the building for McGuirk, and the latter did not bind himself to pay them for doing so. **He** bound himself to pay them a compensation called a **fee**, for directing and supervising the construction, and **they** bound themselves to direct and supervise the construction and to **guarantee** that the **net cost** thereof to McGuirk, when erected under their direction and supervision, would not exceed $7,000 (exclusive of commissions, etc.) The contract is not open to construction; it needs none.

Thereupon Keenan & Weiss ordered certain materials of plaintiff, which were delivered at McGuirk's building; except a few items to which we will refer hereafter.

It is asserted that Keenan & Weiss were without authority to contract bills, or order materials, etc., for account of McGuirk, in fact, that he had forbidden them to do so. This, however, is perfectly immaterial, as regards third persons the extent of an agent's authority is measured not alone by his instruction, but also by **the apparent scope of his duties**. And an agent employed to direct the construction of a building for account of the owner acts within the apparent scope of his duties in ordering materials, etc., necessary and proper for constructing the building.

Delivery is proved satisfactorily to us, except as to the following items: July 25, three loads sand, $2.70; Aug. 10, four loads sand, $3.60; Aug. 4, 25 sacks cement, $13.75; July 27, four loads sand, $3.60; July 26, six loads sand,

$10.80; total $34.45. As to these items there is not the slightest proof and they must therefore be deducted from plaintiff's claim.

It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff to two hundred and forty-seven and 87/100 dollars ($247.87), and as thus amended the judgment is affirmed; plaintiff to pay all costs of appeal.

Judgment amended and affirmed.

### Concurring Opinion.

By his Honor Emile Godchaux:

I concur in the decree as I consider that the agreement itself conferred direct authority upon the architects to purchase for account of the owner, materials necessary for the construction of the building, the owner being protected, under the agreement, by the architects' guarantee. That the materials were in fact charged in the name of the architects is immaterial, for the owner, as undisclosed principal, is in any event liable.

I therefore concur in the decree.

Opinion and decree November, 10, 1913.